### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| SANDRA ELLEN MORRIS, ) | CASE NO. 4:22-CV-01859-SL |
| ) | |
| Plaintiff, ) | JUDGE SARA LIOI |
| ) | UNITED STATES DISTRICT JUDGE |
| v. ) | |
| ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, ) | CARMEN E. HENDERSON |
| ) | |
| Defendant, ) | **REPORT AND RECOMMENDATION** |

### I.     Introduction

Plaintiff, Sandra Ellen Morris ("Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for Supplemental Security Income ("SSI"), Period of Disability ("POD"), and Disability Insurance Benefits ("DIB"). This matter is before the Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). For the reasons set forth below, it is RECOMMENDED that the Commissioner's final decision be VACATED AND REMANDED for further consideration consistent with this opinion.

### II.    Procedural History

Claimant filed applications for SSI, POD, and DIB on April 2, 2020, alleging a disability onset date of August 17, 2019. (ECF No. 10, PageID #: 60). The applications were denied initially and upon reconsideration, and Claimant requested a hearing before an administrative law judge ("ALJ"). (*Id.*). On October 6, 2021, an ALJ held a telephonic hearing, during which Claimant, represented by counsel, and an impartial vocational expert testified. (*Id.* at PageID #: 60, 78). The ALJ issued a written decision finding Claimant not disabled on October 14, 2021.

1

(*Id*. at PageID #: 57). The ALJ's decision became final on August 22, 2022, when the Appeals Council declined further review. (*Id*. at PageID #: 48).

Claimant filed a complaint to challenge the Commissioner's final decision in the U.S. District Court for the Northern District of Ohio on October 14, 2022. (ECF No. 1). The parties have completed briefing in this case. (ECF Nos. 12, 14, 16). Claimant asserts the following assignments of error:

> (1) The ALJ's RFC determination is not supported by substantial evidence as the ALJ improperly evaluated the opinion from Dr. D'Amico. The ALJ's assertion that the opinion was vague shows the ALJ missed or ignored the specific limitation portion of Dr. D'Amico's opinion.
>
> (2) The ALJ erred in failing to find Plaintiff's mental impairments severe.

(ECF No. 12, PageID #: 513).

### III. Background

### A. Relevant Medical Evidence

The ALJ also summarized Claimant's health records and symptoms:

> [S]he has not had any significant treatment for musculoskeletal, neurological, or other conditions that would be expected to cause the limitations of which she has complained. In December 2020, she complained of left knee pain, and the objective studies showed some arthritic changes. However, physical examination revealed normal gait and strength in the lower extremities. She also had intact sensation (Exhibit 6F/2).
>
> The claimant underwent a consultative examination with Christopher D'Amico DO, who diagnosed morbid obesity with low back pain and bilateral hip pain (Exhibit 7F/6). The claimant's gait was asymmetric, but she did not come with an assistive device. Hand eye coordination was good. Finger to nose and heel to shin were normal. Romberg sign was negative. Sensory examination was normal to light touch throughout. The claimant's straight leg test was negative bilaterally while sitting and supine. Reflexes were symmetric in patellar, brachioradialis, Achilles and

2

> biceps distribution. Physical examination revealed no joint swelling or effusion, erythema, tenderness, or deformity. The claimant was able to lift, carry and handle light objects. Fine and gross manipulative abilities were grossly normal. The claimant was able to squat and rise from that position with moderate difficulty. The claimant was able to rise from a sitting position without assistance and could get up and down from the exam table with ease. The claimant was able to walk on heels and toes with ease. Tandem walking was normal, and the claimant could stand but not hop on one foot bilaterally (Exhibit 7F/5).

(ECF No. 10, PageID #: 67).

### B. Opinion Evidence at Issue

Dr. Christopher D'Amico, D.O., authored an opinion at issue on appeal. (*See id.* at Ex. 7F). In his eighteen-page opinion, the doctor provided a qualitative, narrative-style opinion, as well as quantitative limitations. In the qualitative portion, Dr. D'Amico opined:

> The claimant has no limitations with sitting. The claimant has moderate limitations with standing and walking due to morbid obesity and lower back pain. The claimant does not need an assistive device with regard to short and long distances and uneven terrain. The claimant has moderate limitations with lifting and carrying weight due to bilateral hip pain. There are limitations with bending, stooping, crouching and squatting and the claimant will be able to perform these occasionally due to morbid obesity, lower back pain, and bilateral hip pain. There are limitations with reaching and the claimant will be able to perform this occasionally due to morbid obesity, lower back pain, and bilateral hip pain. There are no limitations on grasping, handling, fingering and feeling. There are no relevant visual, communicative or workplace environmental limitations.

(*Id.* at PageID #: 497).

He later opined on a number of physical conditions in a "Medical Course Statement of Ability to do Work-Related Activities (Physical)." (*Id.* at PageID #: 504–09). These included the following limitations: continuously lift up to twenty pounds; never lift over twenty pounds; frequently carry up to ten pounds; never carry over ten pounds; can sit without interruption for

3

eight hours; can stand for thirty minutes without interruption, for a total of four hours; can walk for thirty minutes without interruption, for a total of one hour. (*Id.* at PageID #: 504–05). Dr. D'Amico also provided additional quantitative restrictions for other functional categories, such as "use of hands," "use of feet," "postural activities," and "environmental limitations." (*Id.* at PageID #: 506–09). The environmental limitations included the doctor's opinion of Claimant's exposure to unprotected heights; moving mechanical parts; operating a motor vehicle; humidity and wetness; dust, odors, fumes, and pulmonary irritants; extreme cold; extreme heat; vibrations; and noise. (*See id.* PageID #: 508).

## IV. The ALJ's Decision

The ALJ made the following findings relevant to this appeal:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.
>
> 2. The claimant has not engaged in substantial gainful activity since August 17, 2019, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments: morbid obesity; hypothyroidism; and arthritis of the left knee (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: no climbing ladders, ropes, or scaffolds; limited to occasional climbing ramps/stairs, balancing, stooping, kneeling, crouching, and crawling; and no concentrated exposure to extreme cold, extreme heat, humidity, and hazards such as unprotected heights or dangerous, unshielded moving mechanical parts.

4

> 6. The claimant can perform past relevant work as a cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from August 17, 2019, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(*Id.* at PageID #: 62, 64–65, 66, 70, 71).

## V. Law & Analysis

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (en banc)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

### B. Standard for Disability

The Social Security regulations outline a five-step process that the ALJ must use in

determining whether a claimant is entitled to SSI or DIB: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity ("RFC"); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. § 404.1512(a). Specifically, the claimant has the burden of proof in Steps One through Four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to establish whether the claimant has the RFC to perform available work in the national economy. *Id.*

    C. Discussion

Claimant raises two issues on appeal. First, she argues the ALJ improperly evaluated Dr. D'Amico's opinion. (ECF No. 12, PageID #: 522). Second, Claimant contends the ALJ erred in failing to find her mental impairments severe. (*Id.* at PageID #: 525). The Court finds merit in Claimant's first argument—that the ALJ improperly evaluated the expert opinion.

At Step Four, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence. § 404.1520(e). On January 18, 2017, the Social Security Administration amended the rules for evaluating medical opinions for claims filed after March

27, 2017.[1] *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." § 404.1520c(a).

Nevertheless, an ALJ must "articulate how [she] considered the medical opinions and prior administrative medical findings" in adjudicating a claim. § 404.1520c(a). In doing so, the ALJ is required to explain how she considered the supportability and consistency of a source's medical opinion(s), but generally is not required to discuss other factors. § 404.1520c(b)(2). Medical source opinions are evaluated using the factors listed in section 404.1520c(c). The factors include: supportability; consistency; the source's relationship with the claimant; the source's specialized area of practice, if any; and "other factors that tend to support or contradict a medical opinion." §§ 404.1520c(c), 404. 1520c(b)(2) ("The factors of supportability [ ] and consistency [ ] are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions . . . .").

Here, Claimant argues the ALJ failed to consider specific limitations Dr. D'Amico provided. (ECF No. 12, PageID #: 523). While the ALJ reviewed the qualitative portion of the expert's opinion, Claimant contends that they disregarded the doctor's quantitative recommendations and failed to offer any explanation for the oversight. (*Id.* at PageID #: 522–23). The Commissioner admits that the ALJ ignored the quantitative restrictions but argues the error was harmless because the limitations were "so patently deficient that no reasonable ALJ would have credited it." (ECF No. 14, PageID #: 548 (citing *Wilson v. Comm'r of Soc. Sec.*, 378

---

[1] The "treating source rule," which generally required the ALJ to defer to the opinions of treating physicians, was abrogated by section 404.1520c for claims filed on or after March 27, 2017, such as here.

F.3d 541, 547 (6th Cir. 2004))).

Dr. D'Amico examined Claimant and authored an eighteen-page opinion with qualitative and quantitative components. (ECF No. 10, Ex. 7F). He first wrote a qualitative narrative, explaining his findings and general beliefs of Claimant's needed restrictions:

> The claimant has no limitations with sitting. The claimant has moderate limitations with standing and walking due to morbid obesity and lower back pain. The claimant does not need an assistive device with regard to short and long distances and uneven terrain. The claimant has moderate limitations with lifting and carrying weight due to bilateral hip pain. There are limitations with bending, stooping, crouching and squatting and the claimant will be able to perform these occasionally due to morbid obesity, lower back pain, and bilateral hip pain. There are limitations with reaching and the claimant will be able to perform this occasionally due to morbid obesity, lower back pain, and bilateral hip pain. There are no limitations on grasping, handling, fingering and feeling. There are no relevant visual, communicative or workplace environmental limitations.

(*Id.* at PageID #: 497). A few pages later, Dr. D'Amico provided a "Medical Source Statement of Ability to do Work-Related Activities (Physical)" where he provided a number of quantitative limitations. (*See id.* at PageID #: 504–09). These included: continuously lift up to twenty pounds; never lift over twenty pounds; frequently carry up to ten pounds; never carry over ten pounds; can sit without interruption for eight hours; can stand for thirty minutes without interruption, for a total of four hours; can walk for thirty minutes without interruption, for a total of one hour. (*Id.* at PageID #: 504–05). The doctor provided additional restrictions for other functional categories, including "use of hands," "use of feet," "postural activities," and "environmental limitations." (*Id.* at PageID #: 506–09).

While the ALJ reviewed Dr. D'Amico's qualitative opinion, they failed to discuss the quantitative restrictions the doctor provided in the Medical Source Statement. (*See id.* at PageID #: 68–69). In fact, they found the qualitative part of the opinion only partially persuasive because

its language "to describe the limitations is undefined, vague, and not stated in vocational terms" and noted that Dr. D'Amico "did not identify any environmental limitations, which is contrary to SSR 19-2p." (*Id.* at PageID #: 68–69).

Had the ALJ reviewed the quantitative part of the opinion, they would have found detailed and definite vocational limitations, as well as numerous environmental restrictions. (*See id.*, PageID #: 504–09). Nearly all of Dr. D'Amico's restrictions in the Medical Source Statement are defined in time-related increments, and he provided an entire section on Claimant's environmental needs. (*Id.*). However, none of Dr. D'Amico's quantitative restrictions are discussed in the ALJ's opinion or included in the RFC.[2] Additionally, he addressed Claimant's ability to tolerate a number of environmental conditions including unprotected heights; moving mechanical parts; operating a motor vehicle; humidity and wetness; dust, odors, fumes, and pulmonary irritants; extreme cold; extreme heat; vibrations; and noise. (*See id.* at PageID #: 508).

The ALJ clearly failed to review the entire opinion, in violation of section 404.1520(a)(3). *See* ("We will consider *all* evidence in your case record when we make a determination or decision whether you are disabled.") (emphasis added). In labeling the narrative "partially persuasive," the ALJ discounted the opinion because they found it did not provide information that was included in the quantitative part of the record. (*See* ECF No. 10, PageID #: 68–69). Thus, substantial evidence does not support the ALJ's rationale for finding the opinion partially persuasive, and a logical bridge between the opinion and the ALJ's finding does not exist. *See Rogers*, 486 F.3d at 241; *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio

---

[2] For example, while the ALJ provided some environmental limitations, they differ from Dr. D'Amico's recommendations. (*Compare* ECF No. 8, PageID #: 66 (RFC) *with* PageID #: 508 (D'Amico's environmental restrictions)).

9

2011) ("[T]his Court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result."). The Court has no way of knowing if the ALJ would have found the opinion fully persuasive if they had reviewed the full record. That is error.

The Commissioner concedes this was error. Nevertheless, the Commissioner argues it is harmless for two reasons. The Commissioner first argues that since the restrictions were authored in a checkbox format, with no supporting explanations, they lack record support. (ECF No 14, PageID #: 533 (citing *Duke v. Comm'r of Soc. Sec.*, No. 21-cv-39, 2022 WL 1075171, at *4 (N.D. Ohio Apr. 11, 2022) ("The Sixth Circuit has found physician opinions 'patently deficient' when they involve 'check-box analysis . . . not accompanied by any explanation.'") (citing *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474-75 (6th Cir. 2016))), 548–49). Next, the Commissioner contends the restrictions were based on Claimant's subjective allegations, which the ALJ discounted in their opinion. (ECF No. 14, PageID #: 549). These arguments fail.

Regardless of whether the quantitative restrictions were supported by the record, this was an inquiry for the ALJ, not the Commissioner. § 404.1520c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). Likewise, even if the restrictions were

based on Claimant's subjective allegations, this goes to the persuasiveness of the opinion, not the ALJ's duty to review it.[3]

The Commissioner has also failed to demonstrate that checkbox forms are automatically deficient, to the great relief of experts everywhere. In *Hernandez*, the Sixth Circuit did not consider whether an ALJ erred in failing to review a checkbox opinion, but rather, whether they erred in failing to give it controlling weight *after they reviewed it. See* 644 F. App'x at 474. Moreover, the Court found that the opinion was "weak" because its restrictions were unaccompanied by any support, not because of the format in which it was provided. *Id.* at 474–75.[4] This is not the case here, where Dr. D'Amico's quantitative restrictions are a part of a larger eighteen-page opinion, including examinations notes and narrative impressions of Claimant's abilities, that relate to and justify the quantitative restrictions. (*See generally* ECF No. 10, Ex. 7F). The Commissioner's arguments are therefore unavailing.

Finally, the ALJ's failure to review the full record caused harm. Dr. D'Amico was the only expert to assess Claimant's physical health, and the ALJ may have found his opinion fully

---

[3] The Court also notes that the record supported Dr. Dr Amico's quantitative restrictions. The expert's physical examination noted Claimant was "able to lift, carry and handle light objects" but had "normal" fine and gross manipulative abilities. (ECF No. 10, PageID #: 496). This observation supports his quantitative recommendation that Claimant lift only up to twenty pounds and carry up to ten pounds frequently. (*See id.* at PageID #: 504). The exam notes also stated that Claimant was able to walk on heels and toes with "ease" and that her tandem walking was "normal" but noted her allegations of lower back pain, exacerbated by standing. (*Id.* at PageID #: 493, 496). Dr. D'Amico also opined that Claimant has "no limitations with sitting" and "moderate limitations with standing and walking due to morbid obesity and lower back pain" in the narrative section the ALJ reviewed. (*Id.* at PageID #: 497). This supports the expert's quantitative recommendation that Claimant sit for eight hours at a time (without interruption), stand for four hours total (in thirty-minute uninterrupted periods), and walk for one hour total (in thirty-minute uninterrupted periods). (*See id.* at PageID #: 505). Finally, the ALJ noted that environmental restrictions were warranted, which supports the expert's environmental limitations in the quantitative section of his opinion. (*See id.* at PageID #: 69).

[4] Likewise, the Commissioner's cursory reference to *Duke* is also unavailing since "none of the limitations [were] explained" in its expert opinion. 2022 WL 1075171, at *4.

11

persuasive had they considered the quantitative recommendations. Additionally, as the ALJ failed to review the quantitative part of the opinion, it is unclear whether they would have adopted additional limitations in the RFC. Thus, the ALJ's error precluded the VE from testifying about Claimant's ability to work with such additional limitations. Substantial evidence therefore does not support the ALJ's finding that Claimant can complete past relevant work.

Accordingly, the ALJ's decision does not allow for an adequate review by this Court, and this matter should be remanded. *See Wylds v. Comm'r of Soc. Sec.*, No. 3:21-CV-00365-JGC, 2022 WL 1541928, at *10 (N.D. Ohio Mar. 2, 2022) ("Because the ALJ's opinion does not permit the Court to follow the 'reasoning and treatment of' opinion evidence in the record, the Commissioner's decision must be vacated and remanded for further proceedings."), *report and recommendation adopted*, No. 3:21-CV-365-JGC, 2022 WL 1539266 (N.D. Ohio May 16, 2022). As this matter is already being remanded for error in the treatment of Dr. D'Amico's opinion, in the interest of judicial economy, the Court declines to reach the remaining argument.

## VI. Recommendation

Based on the foregoing, it is RECOMMENDED that that the Commissioner's final decision be VACATED AND REMANDED for further consideration consistent with this opinion.

Dated: August 4, 2023

                                                 s/ *Carmen E. Henderson*
                                                 CARMEN E. HENDERSON
                                                 U.S. MAGISTRATE JUDGE

_____

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530–31 (6th Cir. 2019).