**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA ELLEN MORRIS, | ) | CASE NO. 4:22-cv-1859 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff, Sandra Ellen Morris, commenced this action to appeal a final administrative decision denying her claim for disability benefits. (Doc. No. 1 (Complaint) ¶¶ 1–2.) On August 21, 2023, this Court remanded the matter to defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). (Doc. 19 (Memorandum Opinion and Order of Remand); Doc. No. 20 (Judgment Entry).) On December 11, 2023, upon the parties' stipulation, the Court awarded $5,340.81 in attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 24 (Memorandum Opinion and Order); *see* Doc. No. 23 (Stipulation).)

On remand, defendant determined that plaintiff was disabled and entitled to past due benefits—from February 2020 to August 2024—of $76,211.40. (Doc. No. 26-1 (Affirmation of Edward A. Wicklund) ¶ 4; *see* Doc. No. 26-3 (Notice of Award).) In its notice, the Social Security Administration advised that it was withholding $19,052.85 in benefits, representing an award equal

to 25% of the total amount of past due benefits to which plaintiff is entitled. (Doc. No. 26-1 ¶ 5; Doc. No. 26-3, at 6.[1])

This matter is before the Court on the motion of plaintiff's counsel, Attorney Edward A. Wickland ("Attorney Wickland"), for authorization of attorney's fees, pursuant to 42 U.S.C. § 406(b). (Doc. No. 26 (Motion).) Attorney Wickland did not represent plaintiff on remand, and he avers that plaintiff's agency counsel has filed a fee petition in the amount of $7,200.00 for representation at the administrative hearing. (Doc. No. 26-1 ¶ 6.) In the present motion, Attorney Wickland seeks $11,852.85 for work performed in federal court, which is supported by counsel's time sheets. (*Id.* ¶¶ 7, 9–10; *see* Doc. No. 26-4 (time sheets).) Attorney Wickland acknowledges the previous award of attorney's fees under the EAJA and represents that he will repay plaintiff the previously awarded EAJA fees to avoid double recovery. (Doc. No. 26-1, at 3.) *Bowman v. Colvin*, No. 1:09-cv-248, 2014 WL 1304914, at *2 (N.D. Ohio Mar. 27, 2014) (A plaintiff's counsel may not receive fees under the EAJA and § 406(b) for the same work); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (noting that if a court awards both EAJA fees and fees under 42 U.S.C. § 406(b), the plaintiff's attorney is required to refund the smaller amount to the plaintiff). Defendant has filed a response indicating that it neither supports nor opposes counsel's request for attorney's fees. (Doc. No. 27, at 2.)

To be entitled to an award under § 406(b), an attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. Section 406(b) "does not displace contingent-

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

fee agreements[,]" but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. If the foregoing reasons are not applicable, "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Hays v. Sec'y of Health & Human Servs*., 923 F.2d 418, 421 (6th Cir. 1991) (citation omitted).

An award will not be considered improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs*., 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. Accordingly, the Court will not find that a contingency fee agreement has generated a windfall to the attorney where "the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

Here, plaintiff and counsel have a contingency fee agreement which provides that counsel's fees will be 25% of plaintiff's past-due benefits. (Doc. No. 26-2 ¶ 3.) The submitted time sheets

show that counsel spent 22.8 hours representing plaintiff before this Court. (Doc. No. 26-1 ¶ 9; *see* Doc. No. 26-4.) The fee sought by counsel of $11,852.85 translates into a hypothetical hourly rate of $504.07.[2] Courts in this district have previously determined that a fee of $350.00 per hour is not excessive in awarding fees pursuant to § 406(b)(1). *See, e.g., Flickinger v. Comm'r of Soc. Sec.*, No. 5:20-cv-2038, 2024 WL 3567705, at *1 (N.D. Ohio July 29, 2024); *Brown v. Comm'r of Soc. Sec.*, No. 4:09-cv-2870, 2012 WL 6682112, at *3 (N.D. Ohio Dec. 21, 2012) (citations omitted). Moreover, there have been no allegations, nor has the Court found any instances, of improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee. Quite the contrary, plaintiff was well represented by counsel in this case. The Court finds that counsel has satisfied his burden of demonstrating the reasonableness of the requested fee.

For the reasons set forth herein, the Court hereby grants the motion (Doc. No. 26) and awards attorney's fees in the amount of $11,852.85 under 42 U.S.C. § 406(b), provided plaintiff's counsel refunds to plaintiff $5,340.81 in attorney's fees that this Court previously awarded under the EAJA.

**IT IS SO ORDERED**.

Dated: March 5, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Specifically, counsel represents that plaintiff's attorneys and paralegals logged a combined 27.3 hours on this matter. (Doc. No. 26-1 ¶ 9; *see* Doc. No. 26-4.) Of this time, 4.5 hours represented hours performed by paralegals at an hourly rate of $80.00. (Doc. No. 26-1 ¶ 9.) Deducting out the amount performed by paralegals results in an effective hourly rate of $504.07. (*Id.*)